UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 04-80505 CIV-COOKE/BROWN

REFERRED TO MAGISTRATE JUDGE STEPHEN T. BROWN
BY ORDER DATED AUGUST 16, 2006

FLORIDA POWER & LIGHT COMPANY, et al.

     **Plaintiffs,**

vs.

QUALIFIED CONTRACTORS, INC., et al.

     **Defendants.**

_____/

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS

Plaintiffs file their Reply Memorandum in Support of their Motion for Attorney's Fees and Costs, and in support thereof state as follows:

### I. INTRODUCTION

In their Motion for Attorney's Fees and Costs, Plaintiffs assert that Fla. Stat. Ann. § 768.79 mandates that they be awarded certain attorney's fees and costs incurred on and after December 7, 2005, the date of their Demand for Judgment against Davis Electrical Constructors, Inc. ("Davis"). (DE 376). In its Response in Opposition to the Plaintiffs' Motion, Davis does not dispute Plaintiffs' contentions that they satisfied the statutory requirements of Fla. Stat. Ann. § 768.79,[1] nor does it dispute that a party who satisfies those requirements has a mandatory

---

[1] Plaintiffs specifically note that Davis makes no contention that Plaintiffs' December 7, 2005 Demand for Judgment was unreasonable or not made in good faith.

545630-1

entitlement to attorney's fees and costs. (DE 386). Instead, Davis argues that Plaintiffs are not entitled to recover attorney's fees and costs because their Demand for Judgment is, allegedly, substantively and procedurally deficient under Rule 1.442 of the Florida Rules of Civil Procedure. *Id.* This is the only argument Davis makes in opposition to the Plaintiffs' Motion. *Id.* Because Rule 1.442 of the Florida Rules of Civil Procedure is "procedural" as opposed to "substantive", it is inapplicable in this diversity action, and therefore Davis's argument should be summarily dismissed.

## II. ARGUMENT

There has never been any dispute that this Court has jurisdiction over the instant litigation pursuant to 28 U.S.C. 1332(a), the federal diversity jurisdiction statute. Under *Erie*[2] and its progeny, federal courts sitting in diversity apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1306 (11th Cir. 2002). As such, federal courts sitting in diversity are strictly prohibited from applying state procedural law. *See id.* As will be shown below, Fla. R. Civ. P. 1.442 is state procedural law which this Court may not apply in this diversity action.

Florida follows the American Rule, which states that a prevailing party may not recover attorney's fees unless such fees are provided by contract or statute. *Dept. of Children & Family Servs. v. Fickes*, 513 So. 2d 501, 503 (Fla. Dist. Ct. App. 2005). Fla. Stat. Ann. § 768.79 provides that if a plaintiff files a demand for judgment which is not accepted within 30 days, and thereafter obtains a judgment against the offeree in an amount that is at least 25 percent greater than the offer that was not accepted by the offeree, the plaintiff "shall be entitled" to recover reasonable costs and attorney's fees incurred from the date of the demand. Thus, Fla. Stat. Ann. § 768.79 creates a right to recover attorney's fees and costs. To the contrary, Fla. R. Civ. P.

---

[2] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

1.442 does not create any right to recover attorney's fees or costs. That rule simply establishes certain "procedural guidelines" for settlement proposals to which the rule applies.

State laws which create the right to recover attorney's fees are substantive for *Erie* purposes, and must be applied in federal diversity actions. *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 259 n. 31 (1975) (holding that state law which creates a right to attorney's fees is substantive and must be followed in a federal diversity action as long as it does not run counter to a valid federal statute or rule of court). The United States Court of Appeals for the Eleventh Circuit has specifically recognized that Florida statutes which create the right to recover attorney's fees are substantive for *Erie* purposes. *See All Underwriters v. Weisberg*, 222 F.3d 1309, 1311-12 (11th Cir. 2000); *Windward Traders, Ltd. v. Fred S. James & Co.*, 855 F.2d 814, 817 n. 3 (11th Cir. 1998) (holding that a Florida statute which allowed an insured or named beneficiary under an insurance policy to recover attorney's fees upon obtaining a judgment in their favor was substantive law for *Erie* purposes).

The Florida Supreme Court has declared Fla. Stat. Ann. § 768.79 to be substantive law. *TGI Friday's, Inc. v. Dvorak*, 663 So. 2d 606, 611 (Fla. 1995) (stating that when it enacted Fla. Stat. Ann. § 768.79, the Florida Legislature "created a substantive right to attorney's fees . . . "); *Timmons v. Combs*, 608 So. 2d 1, 2-3 (Fla. 1992) (stating that "it is clear that the circumstances under which a party is entitled to costs and attorney's fees [under Fla. Stat. Ann. § 768.79] is [sic] substantive . . . "). That court has further recognized that any Florida statutes creating a right to recover attorney's fees are substantive. *See Bitterman v. Bitterman*, 714 So. 2d 356, 363 (Fla. 1998) (stating that "the ability to recover attorney's fees from an opposing party . . . is substantive in nature"); *L. Ross, Inc. v. R..W. Roberts Constr. Co.*, 481 So. 2d 484, 485 (Fla. 1986) ("The right to attorney fees is a substantive one . . . ."). As the Florida Supreme Court concluded in *TGI Friday's* and *Timmons*, Fla. Stat. Ann. § 768.79 creates a right to attorney's

fees, and is therefore substantive law. For that reason, and because it does not run counter to any valid federal statute or rule of court,[3] Fla. Stat. Ann. § 768.79 is applicable in this diversity action. The opposite is true of Fla. R. Civ. P. 1.442.

> Article V, section 2(a) of the Florida Constitution provides [the Florida Supreme] Court with exclusive authority to adopt rules for <u>practice and procedure</u> in the courts of this State. The Legislature, on the other hand, is entrusted with the task of enacting <u>substantive</u> law . . . . The Legislature has modified the American rule, in which each party pays its own attorney's fees, and has created a <u>substantive</u> right to attorney's fees in section 768.79 on the occurrence of certain specified conditions.

*TGI Friday's*, 663 So. 2d at 611 (emphasis added). Of course, it is the Florida Supreme Court which promulgated Fla. R. Civ. P. 1.442. Because the Florida Supreme Court only has authority to create <u>procedural</u> rules, and has no authority to create <u>substantive</u> rules or laws, Florida Rule of Civil Procedure 1.442 is, as its name implies, strictly <u>procedural</u> in nature. This is as important as it is obvious, since Davis's only argument in opposition to Plaintiffs' Motion for Attorney's Fees and Costs is that Rule 1.442 precludes recovery by the Plaintiffs of such fees and costs.

Not only does the limitation of authority granted to the Florida Supreme Court by the Florida Constitution make clear that Rule 1.442 is procedural and not substantive, but that court has expressly so held. In comparing Fla. Stat. Ann. § 768.79 and Rule 1.442, the Florida Supreme Court stated "it is clear that the circumstances under which a party is entitled to costs and attorney's fees is [sic] <u>substantive</u> and that our rule [Fla. R. Civ. P. 1.442] can only control <u>procedural</u> matters." *Timmons*, 608 So. 2d at 2-3 (Fla. 1992) (emphasis added). It is further instructive that the Florida Supreme Court previously rejected proposed amendments to Rule 1.442 on the basis that they were substantive, rather than procedural. Recognizing that Rule 1.442 is solely procedural, and that its authority is limited to the enactment of procedural rules,

---

[3] Davis makes no contention that Fla. Stat. Ann. § 768.79 runs counter to any valid federal statute or rule of court.

545630-1                                          -4-

the court rejected a proposed amendment to Rule 1.442 which concerned the circumstances under which a litigant is entitled to recover attorney's fees and costs. *In re Amendments to the Florida Rules of Civil Procedure*, 682 So. 2d 105 (Fla. 1996). The court stated that because the right to recover attorney's fees and costs is substantive, and because its rules can only control procedural matters, it "must respect the legislative prerogative to enact substantive law" and reject the proposed substantive amendment. *Id.* at 105-06. The court went on to adopt the remaining proposed amendments to Rule 1.442 because they were entirely procedural in nature. *Id.* at 106.

Thus, the Florida Supreme Court has recognized and unequivocally declared Fla. Stat. Ann. § 768.79 to be substantive state law, and Fla. R. Civ. P. 1.442 to be procedural state law. As such, the former is applicable in this matter, while the later is not. *Gasperini*, 518 U.S. at 427; *Esfeld*, 289 F.3d at 1306 (holding that state substantive law, and federal (not state) procedural law, applies in diversity actions). To reach the outcome proposed by Davis in this matter would require the Court to apply state procedural law in this diversity action, which the Court is clearly prohibited from doing under long-standing United States Supreme Court precedent.

In its Response in Opposition to Plaintiffs' Motion, Davis relies upon a number of Florida state court cases in support of its position that Fla. R. Civ. P. 1.442 precludes the Plaintiffs from recovering the attorney's fees and costs sought by them in their Motion. This is of no consequence, as it is neither relevant nor disputed that the Florida Rules of Civil Procedure are applicable in civil proceedings conducted in Florida state courts. As discussed above, the relevant inquiry is whether those rules are applicable in this federal court diversity action, and the answer to that inquiry is a resounding "no."

In its Response in Opposition to Plaintiffs' Motion, Davis does cite to one unreported federal court case, *KMS Restaurant Corp. v. Wendy's International, Inc.*, No. 05-12700, 2006 WL 2271009 (11th Cir. Aug. 9, 2006). With regard to this case, it should first be noted that it is an unreported case and therefore does not represent binding precedent. 11th Cir. R. 36-2; 11th Cir. R. 36, I.O.P. 6. (stating that unpublished opinions have no precedential value). While an unreported case may be cited as persuasive authority "provided that" a copy of the case is attached to or incorporated within the pleading in which the case is cited, 11th Cir. R. 36-2, Davis fails to do either with regard to the *KMS* opinion. Reliance on unpublished opinions is not favored. 11th Cir. R. 36, I.O.P. 6. Regardless, the issues in *KMS* are materially different from the issue presented in the case *sub judice*, whereby *KMS* is neither instructive nor relevant to the inquiry presently before this Court.

In *KMS*, the issue before the court of appeals was whether the trial court abused its discretion in denying the plaintiffs' motion for attorney's fees and costs on the basis that their pre-trial settlement demand did not conform to Fla. R. Civ. P. 1.442. *KMS*, 2006 WL 2271009, at *4-5. The plaintiffs/appellants in *KMS* never argued that the application of state procedural law (Fla. R. Civ. P. 1.442) was inappropriate in that federal diversity action. *Id.* As such, the court in *KMS* did not address whether Rule 1.442 may be applied in diversity actions, and the *KMS* opinion is in no way a determination by the court of appeals that Fla. R. Civ. P. 1.442 is applicable in diversity actions. Had the court considered that issue and thereafter applied Rule 1.442, it would have violated the long standing precedent discussed above. Therefore, Davis's reliance on *KMS* is both misplaced and misleading. What is relevant to this Court's inquiry is that three facts regarding the case *sub judice* are indisputable, and therefore dispositive of the issue of Plaintiffs' entitlement to attorney's fees and costs: (1) Plaintiffs satisfied the statutory requirements of Fla. Stat. Ann. § 768.79; (2) Florida Rule of Civil Procedure 1.442 is procedural

state law, and (3) the application of procedural state law in a federal diversity action, such as the instant case, is absolutely prohibited. *See Erie, Gasperini* and *Esfeld, supra.*

### III. CONCLUSION

As set forth in their Motion for Attorney's Fees and Costs, Plaintiffs served a Demand for Judgment on Davis wherein Plaintiffs offered to settle and dismiss with prejudice all claims they asserted against Davis in exchange for $4,500,000.00. Davis did not accept that demand within 30 days, and Plaintiffs thereafter obtained a judgment against Davis in the principal amount of $9,195,354.78. Because Davis did not accept Plaintiffs' demand within 30 days, and because Plaintiffs thereafter obtained a judgment against Davis in an amount more than 25% greater than the amount set forth in their demand, Plaintiffs satisfied the two statutory prerequisites contained in Fla. Stat. Ann. § 768.79. Therefore, Plaintiffs have a "mandatory right" to recover attorney's fees and costs from Davis. *TGI Fridays*, 663 So. 2d at 611 (stating that once the two statutory prerequisites of Fla. Stat. Ann. § 768.79 are satisfied, the prevailing party has a "mandatory right" to recover attorney's fees and costs, and "no other factor is relevant in determining the question of entitlement" to such fees and costs). Accordingly, it is respectfully submitted that this Court must award Plaintiffs all reasonable attorney's fees and costs incurred by them in the prosecution of their claims against Davis from and after December 7, 2005. Again, Davis does not contest that Plaintiffs satisfied the requirements of Fla. Stat. Ann. § 768.79, nor does it contest that a party who satisfies those requirements has a mandatory right to recover attorney's fees and costs.

For the reasons stated herein and in their Motion for Attorney's Fees and Costs, it is respectfully requested that the Court enter an Order finding that Plaintiffs are entitled to recover from Davis all reasonable attorney's fees and costs incurred on and after December 7, 2005. It is further requested that the Court reserve jurisdiction to receive evidence, hear argument and enter

judgment against Davis for the reasonable amount of attorney's fees and costs incurred by Plaintiffs. Alternatively, if the Court disagrees with this approach[4], it is respectfully requested that this matter be set for hearing to allow the parties the opportunity to present evidence and argument regarding entitlement to, and the reasonable amount of fees and costs incurred by Plaintiffs subsequent to the Demand for Judgment.

Respectfully submitted,

_____
Charles Bennett
Florida Bar No. 799815
Florida Power Light Law Department
700 Universe Blvd.
Juno Beach, FL 33408
Tel: (561) 691-2512
Fax: (561) 691-7103

Jim Warren
jwarren@cwplaw.com
Kelli Carter McCloskey
kmccloskey@cwplaw.com
Jay Barbour
jbarbour@cwplaw.com
Lee Ann Thigpen
lthigpen@cwplaw.com
Admitted *Pro Hac Vice*
Carroll Warren & Parker PLLC
188 E. Capitol Street, Suite 1200
Jackson, MS 39201
Tel: 601/592-1010
Fax: 601/592-6060

**ATTORNEYS FOR PLAINTIFFS**

---

[4] Prior to the filing of Plaintiffs' Motion, counsel for the Plaintiffs conferred with counsel for Davis and was advised that Davis has no objection to the bifurcated approach suggested herein by the Plaintiffs.

545630-1 - 8 -

## CERTIFICATE OF SERVICE

The undersigned counsel of record for Plaintiffs hereby certifies that a true and correct copy of the above and foregoing document has this day been served via electronic mail and United States First Class Mail, postage fully prepaid, upon the following counsel of record:

Mercer K. Clarke
Hannesson I. Murphy
Clarke Silverglate Campbell Williams & Montgomery
799 Brickell Plaza, Suite 900
Miami, FL 33131

Howard Daigle, Jr.
Daigle Fisse, PLC
Post Office Box 5350
Covington, LA 70434

**COUNSEL FOR QUALIFIED CONTRACTORS, INC.**

J. Timothy Schulte
Carlos Colombo
Zimmerman, Kiser & Sutcliffe, P.A.
Post Office Box 3000
Orlando, FL 32802

**COUNSEL FOR DAVIS ELECTRICAL CONSTRUCTORS, INC.**

Lyman H. Reynolds, Jr.
Roberts, Reynolds, Bedard & Tuzzio, P.A.
470 Columbia Drive, Bldg. C
West Palm Beach, FL 33409

**COUNSEL FOR BLACK & VEATCH CORP.**

THIS the 28th day of August, 2006.

_____
One of the Attorneys for Plaintiffs